## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

J.M.H.[1],

        Plaintiff,

v.                                          Case No. 21-1148-DDC

KILOLO KIJAKAZI,
Acting Commissioner of the Social
Security Administration,

        Defendant.

---

## MEMORANDUM AND ORDER

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the final decision by the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits under Title II of the Social Security Act, as amended. Plaintiff has filed a brief asking the court to remand the Commissioner's decision denying her claim. Doc. 16 at 22. The Commissioner has filed a response brief asking the court to affirm the Commissioner's decision. Doc. 22 at 25. Having reviewed the administrative record and the parties' briefs, the court affirms the Commissioner's decision denying plaintiff benefits. The court explains why, below.

## I.  Background

Plaintiff protectively filed for a period of disability and Disability Insurance Benefits on October 16, 2018. Doc. 11 at 16 (AR 10). She alleged a disability onset date of August 15, 2014. *Id.* The Commissioner initially denied plaintiff's claim, and on appeal, plaintiff received a hearing with an Administrative Law Judge (ALJ) on March 9, 2020. *Id.*

---

[1] The court makes all of its Memorandum and Orders available online. Therefore, as part of the court's efforts to preserve the privacy interest of Social Security disability claimants, it has elected to caption such opinions using only plaintiff's initials.

On April 20, 2020, the ALJ issued a written decision concluding that plaintiff was not disabled, as defined by the Social Security Act, from August 15, 2014, to the date last insured, December 31, 2019.  *Id.* at 30 (AR 24).  Plaintiff then filed a request for review with the Appeals Council of the Social Security Administration.  Doc. 11 at 7 (AR 1).  The Appeals Council denied plaintiff's request for review on October 30, 2020.  *Id.*  Plaintiff thus has exhausted the proceedings before the Commissioner and now seeks judicial review and reversal of the final decision denying her Disability Insurance Benefits.

## II.     Legal Standard

### A.     Standard of Review

Section 405(g) of Title 42 of the United States Code grants federal courts authority to conduct judicial review of the Commissioner's final decisions and "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Judicial review of the Commissioner's denial of benefits is limited to two questions:  Whether substantial evidence in the record supports the factual findings and whether the Commissioner applied the correct legal standards.  *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020); *see also Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014); 42 U.S.C. § 405(g).

Federal courts evaluate an ALJ's factual findings under the substantial evidence standard. "On judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'"  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)).  The "threshold for such evidentiary sufficiency is not high."  *Id.* at 1154.  Substantial evidence is "more than a mere scintilla."  *Id.* (quotation cleaned up).  Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as

2

adequate to support a conclusion." *Id.* (quotation cleaned up).  While the federal courts

"consider whether the ALJ followed the specific rules of law that must be followed in weighing

particular types of evidence in disability cases," they neither reweigh the evidence nor substitute

their judgment for the Commissioner's.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)

(quotation cleaned up).  Courts do not accept "the findings of the Commissioner" mechanically,

or affirm those findings "by isolating facts and labeling them substantial evidence, as the court[s]

must scrutinize the entire record in determining whether the Commissioner's conclusions are

rational." *Alfrey v. Astrue*, 904 F. Supp. 2d 1165, 1167 (D. Kan. 2012).  When courts decide

whether substantial evidence supports the Commissioner's decision, they "examine the record as

a whole, including whatever in the record fairly detracts from the weight of the Commissioner's

decision[.]" *Id.*  "'Evidence is not substantial if it is overwhelmed by other evidence in the

record or constitutes mere conclusion.'"  *Noreja*, 952 F.3d at 1178 (quoting *Grogan v. Barnhart*,

399 F.3d 1257, 1261–62 (10th Cir. 2005)).

Next, federal courts must ensure that the ALJ applied the proper legal standard.  Failing

"to apply the proper legal standard may be sufficient grounds for reversal independent of the

substantial evidence analysis." *Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d

1151, 1155 (D. Kan. 2004) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)).  But

such a failure justifies reversal only in "'appropriate circumstances'"—applying an improper

legal standard does not necessarily require reversal in all cases. *Hendron v. Colvin*, 767 F.3d

951, 954 (10th Cir. 2014) (quoting *Glass*, 43 F.3d at 1395); *accord Lee v. Colvin*, No. 12-2259-

SAC, 2013 WL 4549211, at *5 (D. Kan. Aug. 28, 2013) (discussing general rule set out in

*Glass*).  Some errors are harmless and thus require no remand or further consideration. *See, e.g.*,

*Mays*, 739 F.3d at 578–79; *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161–63 (10th Cir. 2012);

*Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

### B.    Disability Determination

Claimants seeking Disability Insurance Benefits bear the burden to show that they are

disabled. *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009).  In general, the Social Security

Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12

months[.]"  42 U.S.C. § 423(d)(1)(A).

The Commissioner applies "a five-step sequential evaluation process to determine

disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (discussing 20 C.F.R. § 404.1520

(governing claims for disability insurance benefits)).  As summarized by the Tenth Circuit, this

familiar five-step process proceeds in this fashion:

> Step one requires the agency to determine whether a claimant is presently engaged
> in substantial gainful activity.  If not, the agency proceeds to consider, at step two,
> whether a claimant has a medically severe impairment or impairments. . . . At step
> three, the ALJ considers whether a claimant's medically severe impairments are
> equivalent to a condition listed in the appendix of the relevant disability regulation.
> If a claimant's impairments are not equivalent to a listed impairment, the ALJ must
> consider, at step four, whether a claimant's impairments prevent [the claimant]
> from performing [the claimant's] past relevant work.  Even if a claimant is so
> impaired, the agency considers, at step five, whether [the claimant] possesses the
> sufficient residual functional capability [RFC] to perform other work in the national
> economy.

*Wall*, 561 F.3d at 1052 (citations and internal quotation marks omitted); *accord* 20 C.F.R. §

404.1520(a)(4).  The claimant must bear the "burden of proof on the first four steps," but the

burden shifts to the Commissioner "at step five to show that claimant retained the RFC to

'perform an alternative work activity and that this specific type of job exists in the national

economy.'"  *Smith v. Barnhart*, 61 F. App'x 647, 648 (10th Cir. 2003) (quoting *Williams v.*

4

*Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).  This analysis ends if the Commissioner determines

at any point that the claimant is (or is not) disabled.  *Casias v. Sec'y of Health & Hum. Servs.*,

933 F.2d 799, 801 (10th Cir. 1991) ("If it is determined that a claimant is or is not disabled at

any point in the analysis, the review stops.").

## III.    Analysis

At step one of the disability determination process, the ALJ found that plaintiff did not

engage in substantial gainful activity from the onset of her alleged disability through her date last

insured.  Doc. 11 at 18 (AR 12).  At step two, the ALJ found that plaintiff has the following

severe impairments:  degenerative disc disease of the lumbar and cervical spine; kyphosis of the

thoracic spine; lumbar and cervical radiculopathy; postsurgical changes of anterior interbody

fusion and discectomy at C4-C6; fibromyalgia; degenerative joint disease of the left knee and

instability status-post total knee arthroplasty; right knee chondromalacia patellae; and left elbow

degenerative changes; major depressive disorder; generalized anxiety disorder; and posttraumatic

stress disorder.  *Id.* at 19 (AR 13).  The ALJ found that plaintiff has the following non-severe

impairments:  concussion; cellulitis; asthma; gastroesophageal reflux; disease/history of peptic

ulcer disease; gastroparesis; hypertension; sinusitis; history of shingles; Vitamin D deficiency;

onychomycosis; headaches; Eustachian tube dysfunction/hearing loss; cannabis use; and alcohol

use disorder.  *Id.*

At step three, the ALJ determined that plaintiff's impairments, neither individually nor

combined, equaled the severity of one of the listed impairments in 20 C.F.R. Part 404.  *Id.* at 20–

21 (AR 14–15).  Before considering step four, the ALJ must determine the claimant's residual

functional capacity (RFC).  20 C.F.R. § 404.1520(a)(4).  When determining the plaintiff's RFC,

the ALJ found that plaintiff had the capacity to perform "sedentary work" as 20 C.F.R. §

404.1567(a) defines.[2]  Doc. 11 at 23 (AR 17).

At step four, the ALJ determined that the claimant was unable to perform any past

relevant work based on the testimony of a vocational expert.  *Id.* at 29 (AR 23).  Even so, at step

five, the ALJ determined that jobs existed in significant numbers in the national economy such

that plaintiff could have performed these jobs—given plaintiff's age, work experience, and RFC.

*Id.*  Thus, at step five of the analysis, the ALJ determined the plaintiff was not disabled as

defined by the Social Security Act, at any time from August 15, 2014, through December 31,

2019.  *Id.* at 30 (AR 24).

When making her RFC finding, the ALJ noted plaintiff's subjective reports of pain and

her allegations of extreme limitation.  Doc. 11 at 24 (AR 18).  At the hearing and throughout her

disability reports, plaintiff alleged that she could not work full time.  *Id.*  She testified that

despite three knee surgeries and two neck fusions, she has not seen improvement.  *Id.*  She

testified that she could walk for 15 to 20 minutes if she is wearing her knee braces and sit for 15

to 20 minutes before needing to get up.  *Id.*  She testified that she could stand for about two to

---

[2]        The ALJ found:

> the claimant had the residual functional capacity to perform sedentary work as defined in
> 20 [C.F.R. §] 404.1567(a) except the claimant can lift, carry, push and/or pull 20 pounds
> occasionally and 10 pounds frequently, stand or walk in combination for 2 hours in an 8-
> hour workday with normal breaks, and sit for 6 hours in an 8-hour workday with normal
> breaks.  She needs the opportunity for a sit/stand option at the work station with the
> ability to change position as frequently as every 30 minutes for no more than two minutes
> and can then return to the same or to a different position.  The claimant can occasionally
> climb ramps and stairs, may not climb ladders, ropes and scaffolds, and can occasionally
> balance, stoop, kneel, crouch and crawl.  The claimant must avoid all exposure to hazards
> such as unprotected heights and moving mechanical parts.  She can understand and
> remember simple instructions and can maintain concentration, persistence and pace for
> simple tasks with normal breaks.

Doc. 11 at 23 (AR 17).

three hours as long as she could alternate positions.  *Id.*  She also testified that her depression and anxiety would affect her ability to work.  *Id.*  After considering plaintiff's testimony and the entire record, the ALJ concluded plaintiff's reports about "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  *Id.*

Plaintiff asserts two main challenges to the ALJ's finding.  First, plaintiff contends that the ALJ's RFC assessment is legally flawed.  Doc. 16 at 7.  Second, plaintiff asserts that the ALJ's decision is not supported by substantial evidence.  *Id.*  Plaintiff makes an additional argument that the Commissioner failed to meet her burden of producing reliable evidence of "other work" at step five of the disability determination described above.  *Id.* at 5.  The court rejects plaintiff's arguments, addressing each one in turn, in the next three sections.

A.      **Whether the ALJ's Decision is Free of Legal Error**

Plaintiff first argues that the ALJ did not engage in a meaningful analysis and did not adequately address "all of the relevant factors."  Doc. 16 at 9.  Plaintiff argues that "the ALJ did not apply the correct legal test or sufficiently articulate her reasoning . . . ."  *Id.*  More specifically, plaintiff claims that the ALJ did not address plaintiff's difficulty using her hands and arms, plaintiffs' asthma or allergies, or "why such invasive and aggressive treatment is not strong support for the severity of symptoms alleged."  *Id.* at 12–17.  Plaintiff also argues that the ALJ did not meaningfully address the frequency of plaintiff's medical appointments or the plaintiff's alcohol use diagnoses.  *Id.* at 17.

The court finds that the ALJ applied the correct legal test—the five-step evaluation process required by 20 C.F.R. § 404.1520 to determine disability.  *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); Doc. 11 at 18–30 (AR 12–24).  Within the five-step evaluation, the court

considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases[.]"  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation cleaned up).  Here, plaintiff contests the ALJ's legal analysis of her subjective reports of pain to determine whether her pain is disabling.  Doc. 16 at 8.  When evaluating the "intensity, persistence, or functionally limiting effects of pain or other symptoms" to determine if the symptoms limit the ability to do work-related activities, courts apply the specific legal standard found in 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling (SSR) 16-3p.  This authority instructs the ALJ to consider the following factors when assessing subjective statements:  (1) the claimant's activities of daily living, (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of medications taken to alleviate pain or other symptoms, (5) treatment, other than medication, for relief of pain or other symptoms, (6) any measures other than medication used to relieve pain or other symptoms, and (7) any other factors concerning functional limitations and restrictions due to pain or other symptoms produced by medically determinable impairments.  *See* 20 C.F.R. § 404.1529(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *7–8 (Oct. 25, 2017).

Here, the ALJ applied the SSR 16-3p factors to determine that plaintiff was not as limited as she alleged.  Doc. 11 at 25–28 (AR 19–22).  The ALJ's written opinion sufficiently covered the factors.  First, the ALJ discussed a "Function Report near the time of filing" that describes plaintiff's daily activities:  "reading, watching television and movies, playing board games, using the computer/internet, and spending time with her kids and neighbors[,]" which, the ALJ concluded, "tend to involve extended sitting."  *Id.* at 27 (AR 21).  The ALJ's opinion discussed the plaintiff's injuries and records of pain as well as prescriptions and other pain management

such as physical therapy.  *Id.*  The ALJ consistently cited plaintiff's medical records throughout her opinion and explained the reasoning supporting her conclusions about the different weights assigned to each professional's opinion.  *See id.* at 28 (AR 22).

Moreover, the ALJ's written opinion addressed the specific issues that plaintiff raised in her appeal including asthma, pain treatment, and plaintiff's ability to use her hands and arms for work-related functions.  About plaintiff's history of asthma, the ALJ found:  "Ongoing respiratory examinations have been normal and her impairment appears controlled with medication."  Doc. 11 at 19 (AR 13); *see also id.* at 736–37 (AR 730-31).  The ALJ addressed plaintiff's pain treatment:  plaintiff "reported that she took herself off all medications in April 2019 including pain pills."  *Id.* at 27 (AR 21) (citing Exhibit 42F/55).  And the ALJ addressed the plaintiff's ability to use her hands:  "On examination on December 12, 2019, the claimant demonstrated normal grip strength and motor strength of the extremities and her gait and stance were normal."  *Id.*; *see also id.* at 1104–05 (AR 1098–99).

Even if the ALJ's opinion neglected to touch on every complaint made by plaintiff, "a formalistic factor-by-factor recitation of the evidence" is not required.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (quotation cleaned up).  Here, the ALJ used the appropriate legal standards and applied those standards to the facts as she saw best.  Thus, plaintiff's first argument provides no reason to reverse and remand the ALJ's decision.

### B.    Whether the ALJ's RFC Decision is Supported by Substantial Evidence

Plaintiff next argues that the ALJ's decision is not supported by substantial evidence. Plaintiff invites the court to re-evaluate the evidence to find in her favor, but that approach isn't within the scope of the court's discretion when reviewing the factual findings of an ALJ.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  The ALJ found that plaintiff is capable of

sedentary work.  Plaintiff disagrees.  The difference in opinion boils down to disagreement over how much pain plaintiff is experiencing.  On the one hand, the ALJ must consider plaintiff's reports that she is in unbearable pain, and on the other hand, the ALJ also must consider the entire record including objective medical evidence.  After this full scale consideration, the ALJ must decide whether the record supports the plaintiff's claim that she is unable to withstand sedentary exertion.  *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994); *Luna v. Bowen*, 834 F.2d 161, 163–66 (10th Cir. 1987).

Plaintiff's argument here that her medical records and her provider's findings support her subjective reports of pain is unavailing.  "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence."  *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quotation cleaned up).  But the court must ensure that the ALJ "closely and affirmatively linked" its credibility determinations "to substantial evidence" and didn't just announce "a conclusion in the guise of findings."  *Id.* (quotation cleaned up).  So "long as the ALJ sets forth the specific evidence [s]he relies on in evaluating the claimant's credibility, [s]he need not make a formalistic factor-by-factor recitation of the evidence."  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (quotation cleaned up).  "[C]ommon sense, not technical perfection, is [the court's] guide."  *Id.*

Ultimately the ALJ found that the plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  Doc. 11 at 24 (AR 18).  The ALJ considered records of both plaintiff's physical and mental impairments and concluded that the records didn't comport with what she "subjectively alleges[.]"  *Id.* at 26 (AR 20).  And there is substantial

evidence to support that conclusion:  "Marsha Toll, Psy.D. and Tiffany Iskander, Ph.D. (Exhibits 1A and 4A), and psychological consultant Gary Hackney, Ph.D. (Exhibit 14F)" who "opined that the claimant was capable of simple work."  *Id.* at 28 (AR 22).  Additionally, plaintiff reported that "she was able to prepare simple meals, launder clothes and wash dishes, drive, shop, manage finances, read, watch television/movies, play board games, spend time with her children, and visit with her neighbors."  *Id.* (citing Exhibit 6E).  Considering plaintiff's testimony and reports along with medical records taken as a whole, there is substantial evidence supporting the ALJ's conclusion that plaintiff is capable of performing work consistent with the established RFC.

### C.      Evidence of Other Work in National Economy

Finally, plaintiff argues that the ALJ erred by concluding that plaintiff could perform a significant number of jobs in the national economy.  Doc. 16 at 18.  Plaintiff argues that the ALJ's hypothetical questioning and the expert vocational testimony was based on a flawed RFC, resulting in an incorrect conclusion.  For the reasons discussed above, the court finds that the ALJ's RFC decision was supported by substantial evidence.  Thus, the ALJ's conclusion at step five—that plaintiff could perform a significant number of jobs in the national economy—is also supported by substantial evidence.

### IV.    Conclusion

After considering the briefs and conducting its own review of the administrative record, the court concludes that substantial evidence supports the ALJ's decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Commissioner's decision denying plaintiff's application for Disability Insurance Benefits is affirmed.  The court directs the Clerk to enter Judgment under the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

**IT IS SO ORDERED.**

**Dated this 13th day of September, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree      
**Daniel D. Crabtree**
**United States District Judge**
